[No. 20459.  Department One.  August 25, 1927.]

GREEN MEADOW CHEESE FACTORY & DAIRY COMPANY,
*Appellant,* v. OLE GARDNER *et al., Respondents.*[1]

[1] SALES (22, 133) — ACTION FOR PRICE — EVIDENCE OF SALE — SUFFICIENCY. In an action for the price of apples sold, findings for the defendant are sustained by evidence to the effect that the defendant did not buy them, but merely accepted them for delivery to a commission house to save transportation charges, and on their sale, credited plaintiff's account for the net proceeds.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 19, 1926, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

[1]Reported in 258 Pac. 1027.

*A. G. Laffin,* for appellant.

*Vance & Christensen,* for respondents.

FULLERTON, J.—The appellant, Green Meadow Cheese Factory & Dairy Company, brought this action against Ole Gardner and his wife Mary Gardner to recover the value of certain apples and pears, which it alleged it had sold and delivered to the respondents. The sum for which judgment was demanded aggregates $1,034.75. The answer of the respondents was a general denial. The cause was tried by the court sitting without a jury, and resulted in a judgment in favor of the appellant for the sum of $375.87. The appellant was dissatisfied with the award, and prosecutes this appeal.

[1] The question involved is one of fact. The appellant conducts a dairy farm, on which farm there is an orchard. The respondents conduct a general store, near Nisqually, a short distance from the farm. The negotiations relating to the sale of the apples were had between the president of the corporation and the respondent Ole Gardner. It is the president's version of the transaction that Gardner approached him, offering to purchase apples at one dollar twenty-five cents a box, and pears at two dollars a box; that he agreed to these terms and caused the apples and pears to be gathered, boxed, and delivered to Gardner, and that the total values delivered equaled the amount demanded in the appellant's complaint. Gardner, on the other hand, denies that there was an offer to purchase the fruit on behalf of his firm, and denies that the fruit was sold to it. His version is that the president of the corporation was a customer at the respondents' store, and owed the respondents a considerable sum for goods purchased; that he told the president that good apples were then bringing from one dollar twenty-five cents to one dollar fifty cents per box, after the com-

mission was taken out, and that he thought the appellant's apples ought to net one dollar twenty-five cents per box; that he told him, further, that, if the apples were delivered at his store, he could arrange to have them picked up by the passing freight trucks of a commission house and thus save transportation charges; that he arranged for their sale through the Ryan Fruit Company, and that on their sale they netted $375.87, and that this sum he credited on his books to the president's account.

There is much in the record concerning the surrounding circumstances and subsequent admissions by the principals, but these, owing to the conflict of the testimony concerning them, lend but little support to the contentions of either party.

The court did not allow the offset the respondents' evidence disclosed, evidently because the corporation was not liable for its president's account with them.

We feel that we need not discuss the evidence further. In our opinion, it does not preponderate in favor of the appellant. The judgment will, therefore, stand affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and MAIN, JJ., concur.